O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONIVAN DIAZ,

          Petitioner,

      v.

RAYMOND MADDEN,

          Respondent.

Case No. 2:19-cv-01681-CAS (JEM)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the petition for writ of habeas corpus (Dkts. 1–4, "Petition"), the first amended petition (Dkt. 13, "FAP"), respondent's answer (Dkt. 59), petitioner's reply (Dkt. 75), respondent's supplemental answer (Dkt. 135), petitioner's supplemental reply (Dkt. 139), the Report and Recommendation of the United States Magistrate Judge (Dkt. 142, "Report"), and petitioner's objections to the report (Dkt. 148, "Objection").  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of the matters to which objections have been stated.  Petitioner's assertions and arguments have been

reviewed carefully.  The Court, however, concludes that nothing set forth in the Objection or otherwise in the record for this case affects, alters, or calls into question the findings and analysis set forth in the Report.  Therefore, the Court concurs with and accepts the findings and recommendations of the Magistrate Judge.

Diaz, a prisoner in California state custody, was convicted of first degree murder under Cal. Penal Code § 187(a).  Additionally, pursuant to Cal. Penal Code § 190.2(a), the jury found the existence of a felony-murder special circumstance, requiring death penalty or, in this case, life imprisonment without parole.  See Report at 2.  Petitioner filed an appeal in the California Court of Appeal, which affirmed the judgment, and filed a petition for review in the California Supreme Court which summarily denied the petition.  Id. at 3. Diaz has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting 60 claims for relief.[1]

_____

[1] Petitioner's remaining claims are: (1) insufficient evidence to support conviction; (2) violation of right to a speedy trial; (3) violation of due process and fair trial rights by prosecutor's untimely disclosure of evidence; (6) violation of right to be present at critical stages of the trial; (7) violation of rights to due process and impartial jury by trial court's failure to conduct inquiry into possible juror misconduct; (9) violation of right to present a defense by the exclusion of third party culpability evidence; (10) violation of due process rights by prosecutorial misconduct during closing argument; (11) ineffective assistance of trial counsel by failing to object to prosecutorial misconduct; (12) ineffective assistance of trial counsel by failing to challenge a search warrant; (14) ineffective assistance of trial counsel by failing to investigate and present evidence of alternative suspects; (15) ineffective assistance of trial counsel by failing to present certain statements of witness Robert Lattier; (16) ineffective assistance of trial

counsel by failing to present certain statements of witness Chauncey Cherry; (17) ineffective assistance of trial counsel by failing to present certain statements of witness Porscha Chambers; (18) ineffective assistance of trial counsel by failing to present certain statements of witness Paula Cherry; (19) ineffective assistance of trial counsel by; (20) violation of due process rights by the prosecution's elicitation of false testimony; (23) violation of due process rights by uncorroborated accomplice statements; (25) ineffective assistance of trial counsel by failing to present the statements of the victim's neighbors; (27) ineffective assistance of trial counsel by failing to file a motion under People v. Luttenberger, 50 Cal.3d 1 (1990); (28) ineffective assistance of trial counsel by failing to present certain electronic evidence; (29) ineffective assistance of trial counsel by failing to present DNA evidence recovered from the victim's home; (34) ineffective assistance of trial counsel by failing to obtain a recording of an interview of witness Freddie Lee Williams; (35) prosecution's failure to disclose an exculpatory recording of an interview of witness Freddie Lee Williams; (36) prosecution's failure to disclose impeachment evidence relating to witness Porscha Chambers; (37) ineffective assistance of trial and appellate counsel by failing to seek DNA testing; (46) prosecution's knowing presentation of false evidence; (47) violation of due process rights by the unlawful removal of his counsel of record without notice; (51) ineffective assistance of trial counsel by failing to present evidence that would have undermined the prosecution's case; (52) prosecution's withholding of exculpatory DNA evidence; (56) petitioner's actual innocence; (57) ineffective assistance of trial counsel by failing to present and investigate circumstances surrounding serological evidence in the case; (58) insufficient evidence to support the felony-murder special circumstance findings by the jury; (FAP 1) prosecution's misconduct in by arguing facts not in evidence during a rebuttal argument; and

Respondent filed a motion to dismiss petitioner's habeas petition.  Dkt. 111. The Magistrate Judge has recommended dismissal of all of petitioner's habeas claims with prejudice.  First, the Magistrate Judge set forth the applicable standards of review for each of petitioner's claims.  Specifically, 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, establishes a deferential standard of review to state court proceedings: a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Here, the Magistrate Judge evaluated Grounds One through Ten of petitioner's habeas petition using the AEDPA standard of review.  Because the formulation of petitioner's other asserted grounds for habeas relief made it "difficult to determine for each claim whether the AEDPA standard applies," the Magistrate Judge evaluated those claims *de novo*.  See Report at 19–20. Accordingly, the Court first reviews petitioner's claims the Magistrate Judge evaluated under the AEDPA standard, and then the remaining claims the Magistrate Judge evaluated *de novo*.

**Claims evaluated under the AEDPA:** Applying the above AEDPA standard of review to the relevant state court proceedings, the Magistrate Judge recommended that Grounds 1– 3, 6–7, and 9–10 be dismissed without prejudice. See Report at 22–62.  Petitioner has objected to the dismissal of these claims, but

(FAP 2) ineffective assistance of appellate counsel by failing to raise FAP Ground 1 on appeal.  See Report at 15–17.

1  for Grounds 1–3, 7, and 9–10, petitioner has simply restated evidence in the record

2  or repeated his pre-existing arguments.  See Objection at 5–23.  For these claims,

3  the Court concludes that nothing set forth in the Objection or otherwise in the

4  record for this case affects, alters, or calls into question the findings and analysis

5  set forth in the Report that the state court's rejection of these claims was not

6  "contrary to, or an unreasonable application of, clearly established federal law as

7  set forth by the United States Supreme Court."

8  Petitioner raises a substantive objection to the Magistrate Judge's

9  recommended dismissal of Ground 6, the violation of the right to be present at

10  critical stages of the trial.  As the Magistrate Judge explained in the Report, a

11  defendant "has a due process right to be present in his own person whenever his

12  presence has a relation, reasonably substantial, to the fulness of his opportunity to

13  defend against the charge."  Report at 47 (quoting Kentucky v. Stincer, 482 U.S.

14  730, 745 (1987) (internal quotation omitted).  The trial court held seventeen

15  proceedings outside the presence of petitioner (but with his counsel present).  Id. at

16  45.  Applying the AEDPA standard, the Magistrate Judge found that the state

17  court's determination that those proceedings "concerned procedural, evidentiary,

18  and housekeeping matters for which Petitioner was not required to be present" was

19  a reasonable application of the relevant due process case law.  Id. at 46–48.

20  Petitioner's objection focuses on the fact that he had been discussing with his

21  counsel that he potentially desired to testify on his own behalf.  See Objection at

22  18.  However, petitioner entirely ignores the record highlighted by the Magistrate

23  Judge reflecting that the trial court did not make rulings on any evidentiary

24  discussions until all co-defendants were present.  More crucially, petitioner does

25  not claim that his absence for some parts of the trial proceedings caused him to be

26  unable to testify on his behalf at any point throughout the entire trial.  Accordingly,

27  the Court concurs with and accepts the findings and recommendations of the

5

Magistrate Judge with respect to Ground 6.

**Claims evaluated *de novo*:** Applying a *de novo* standard of review for the other claims in this habeas petition, the Magistrate Judge recommended dismissal with prejudice of all remaining claims.  Petitioner has objected to the dismissal of these claims, but for Grounds 11, 14–20, 23, 25, 28–29, 34–37, 47, 51–52, 57–58, and First Amended Grounds 1 and 2, petitioner has simply restated evidence in the record or repeated his pre-existing arguments.  See Objection at 11–64.  For these claims, the Court again concludes that nothing set forth in the Objection or otherwise in the record for this case affects, alters, or calls into question the findings and analysis set forth in the Report that the state court's rejection of these claims was not "contrary to, or an unreasonable application of, clearly established federal law as set forth by the United States Supreme Court."

Petitioner raises a substantive objection to the Magistrate Judge's recommended dismissal of Ground 46.  Specifically, petitioner alleges that the prosecutor knowingly presented false testimony by witness Porscha Chambers that she had given detectives information of the whereabouts of victim Andrew Todd Cherry's stolen computer.  As the Magistrate Judge set forth in his report, to demonstrate the violation of due process as a result of a conviction obtained by the knowing use of false evidence, a "petitioner must show that '(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) the false testimony was material.' " Report at 60 (quoting Sanders v. Cullen, 873 F.3d 778, 794 (9th Cir. 2017)).

Chambers had initially testified at trial that she saw a black laptop at petitioner's house, that petitioner had told her it was Cherry's laptop, and that petitioner later asked her for help getting Cherry's laptop from a computer shop. See Report at 67–68 (internal citation omitted).  Chambers further testified that she gave detectives a paper with information about the computer shop, but when

6

1  shown a paper at trial, she testified that the handwriting was not hers, and a

2  detective subsequently testified that Chambers was not the one who gave him the

3  information about the computer shop.  Id. at 68.

4         The Magistrate Judge determined that while Chambers' "testimony that she

5  gave the police the paper with information about the computer shop was

6  inaccurate, 'mere inconsistencies or honestly mistaken witness recollections

7  generally do not satisfy the falsehood requirement.' "  Id. (citing United States v.

8  Renzi, 769 F.3d 731, 752 (9th Cir. 2014)).  Here, Chambers testified consistently

9  that she did not recognize the paper and that the handwriting was not her own both

10  on direct and cross examination.  Moreover, the Magistrate Judge explained that

11  petitioner made no showing that the prosecutor "knew that Chambers' testimony

12  that she gave the police the information was false" and that the "discrepancy was

13  immaterial" because "the jury did not need to infer that petitioner had Cherry's

14  laptop from Chambers' testimony about the computer shop."  Id.

15         While petitioner's objection focuses on the fact that the prosecution should

16  have known the information was false because the prosecution stated to have

17  reviewed the recorded police interview of Chambers, petitioner's objection

18  nonetheless fails to make any showing that the discrepancy was material.

19  Objection at 26.  The Court concurs with the Magistrate Judge's analysis with

20  respect to Ground 46 and his recommendation that it be dismissed.

21         Finally, petitioner has requested an evidentiary hearing, dkt. 39.  The

22  Magistrate Judge found that petitioner is not entitled to an evidentiary hearing,

23  because claims reviewed under the AEDPA standard are limited to the record that

24  was before the state court that adjudicated the claim on the merits," while an

25  evidentiary hearing in connection with claims reviewed de novo is not warranted

26  when "the record refutes the applicant's factual allegations or otherwise precludes

27  habeas relief."  Report at 96 (citing Cullen v. Pinholster, 563 U.S. 170, 181 (2011);

Schriro v. Landrigan, 550 U.S. 465, 474 (2007)).  The Court agrees that an evidentiary hearing is not warranted under the circumstances.

Having completed its *de novo* review, the Court accepts the findings and recommendations set forth in the Report.  In accordance with the foregoing, the Court concludes that Judgment should be entered **DISMISSING** this action **WITH PREJUDICE.**

Dated:   January 6, 2023

CHRISTINA A. SNYDER
United States District Judge

8